EYE v. TASKER *et al.*

**Partnership:** EVIDENCE TO PROVE. The note sued on was made by "Tasker Brothers." There were five brothers of that name engaged at the same place in a somewhat similar business, and they were all made defendants on the ground that they all belonged to the firm of "Tasker Brothers," and the jury found that that claim was true by bringing in a verdict against all of them. *Held* that the evidence, not set out in the opinion, was sufficient to support the verdict on appeal.

*Appeal from Jones District Court.* — HON. J. H. PRESTON, Judge.

FILED, JANUARY 29, 1889.

ACTION upon a promissory note. Trial by jury, and verdict and judgment for plaintiff. Defendants A. C. Tasker and T. G. Tasker appeal.

*T. O. Ellison* and *M. W. Herrick,* for appellants.

*E. Keeler* and *J. W. Jamison,* for appellee.

ROTHROCK, J.—The note in suit is in these words:
        "MONMOUTH, IOWA, Jan. 15, 1887.
"Six months after date we promise to pay to order of W. Eye, at Monmouth, Iowa, five hundred dollars, with interest at the rate of ten per cent. per annum until paid. If interest is not paid when due, the same shall draw interest at the rate of ten per cent.; and, if expenses are incurred by the holder in consequence of the failure to pay at maturity, the undersigned agree to pay a reasonable attorney's fee, if suit is brought on this note.
                        "TASKER BROTHERS,
                            "(Onslow, Iowa.)"

It is averred in the petition that Tasker Bros. was a partnership composed of T. G. Tasker, A. C. Tasker, W. S. Tasker and H. L. Tasker, and judgment is demanded against each of them for the amount of the note. A. C. Tasker and T. G. Tasker filed an answer, in which they denied that they were at any time members of the partnership firm of Tasker Bros. The sole question tried to the jury was whether they were chargeable as members of the partnership upon the promissory note upon which the suit was brought. The evidence to sustain the issue was based mainly upon the acts of the appellants in connection with the firm, tending to show that they were members thereof, or, if not in fact members, that they were liable to persons dealing with the firm as having held themselves out as actual members. It appears that there were five brothers named "Tasker," and that all of them were more or less interested together in farming, and in dealing in live-stock, grain and hay, in Jones county. There was a firm named "Tasker Bros." The defendants claim that the firm was composed of H. L. Tasker, W. S. Tasker and J. L. Tasker, and that the appellants, A. C. Tasker and T. G. Tasker, were not members thereof. The appellants claim that they were members of another partnership, under the name of "A. C. & T. G. Tasker." It will thus be seen that, owing to the fact that all of the brothers were engaged in somewhat similar business, the public would be likely to be misled as to their actual relation to each other. The main ground upon which a reversal is sought is that the evidence was not sufficient to authorize the finding that appellants were chargeable as partners. It is not our purpose to review the evidence. It is enough to say that a careful examination of the whole record has led to the conclusion that we ought not to disturb the verdict of the jury.

Complaint is made of the refusal to give two instructions to the jury at the request of the defendants,

and to the giving of the fourth paragraph of the charge of the court. We find no error in these rulings, and are of opinion that we need not set out nor discuss the instructions. Indeed, the issue was so plain and well defined, and the law governing the same is so well understood, that it would be a marvel if any court should fail to properly instruct the jury.

AFFIRMED.